AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Southern Dist. Texas |
|---|---|
| Name of Movant: Robert Benavides | Prisoner No. 46243-008 | Case No. B-01-CR-139-2 |

Place of Confinement: Federal Correctional Complex - LOW, Beaumont, TX

B 03-071

UNITED STATES OF AMERICA   V.   (name under which convicted)

### MOTION

United States District Court
Southern District of Texas
FILED
APR 17 2003
Michael N. Milby
Clerk of Court

1. Name and location of court which entered the judgment of conviction under attack
   Southern Dist. of Texas, Brownsville Division

2. Date of judgment of conviction  January 14, 2002

3. Length of sentence  97 months

4. Nature of offense involved (all counts)  Count I, 21 USC §§ 846, 841(a)(1) & (b)(1)(B).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Pled guilty to Count I of a three count indictment, in accordance with terms of a plea agreement with the government.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

AO 243    (Rev. 2/95)

9.  If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court   US Court of Appeals for the Fifth Circuit

       (2) Nature of proceeding   "Anders" Brief
           Attorney withdrew as counsel.

       (3) Grounds raised   Non-frivolous issues
       _____
       _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐    No ☒

       (5) Result _____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Name of proceeding _____
       _____

       (3) Grounds raised _____
       _____
       _____
       _____
       _____

(3)

AO 243    (Rev. 2/95)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?

      Yes ☐    No ☐

  (5) Result _____

  (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☐    No ☐
  (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Court Illegally Revoked his Three Points for Acceptance of Responsibility Due to a Faulty Urine Analysis

Supporting FACTS (state *briefly* without citing cases or law):
See Attached Memorandum

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law):

(5)

AO 243   (Rev. 2/95)

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

   New Appeal

_____
_____
_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing ___Jeanette Mercado___
   
   _____P.O. Box 532541, Harlingen, TX 78553_____

   (b) At arraignment and plea ___Same___

   (c) At trial _____
   _____

   (d) At sentencing ___Same___
   _____

   (e) On appeal _____
   _____

   (f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*4-6-03*
Date

*Robert Benavides*
Signature of Movant

(7)

| | |
|---|---|
| UNITED STATES OF AMERICA | § UNITED STATES DISTRICT COURT |
| | § SOUTHERN DISTRICT OF |
| VERSUS | § TEXAS |
| | § BROWNSVILLE DIVISION |
| ROBERT BENAVIDES | § |
| | § |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 USC § 2255

NOW INTO COURT, through Pro Se represention, comes defendant ROBERT BENAVIDES, for an order to correct sentence under 28 USC § 2255. The defendant contends that his constitutional right to due process was violated when the court revoked three points he originally received for acceptance of responsibility because of one urine analysis that was contrary to 30 previous urine analyses and another urine analysis conducted simultaneous to the analysis in question. The defendant contends that this resulted in "plain error" and that such an error prejudiced him in terms of receiving an additional 27 months in prison.

JUDICIAL NOTICE

The Honorable Court and all other officers of the court who may come in contact with the matter of United States versus Robert Benavides are noticed under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v Kerner, 404 US 519-521, Plasky v CIA, 953 F3d 25, and Anastasoff v United States, 223 F3d 898 (8th Cir. 2000). In re Haines: pro se litigants are held to less stringent pleading standards that licensed attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky:

court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re-Anastasoff: litigant's constitutional rights are violated when courts depart from precedent where parties are similarly situated.

Respectfully Submitted

*Robert Benavides*

Robert Benavides
Pro Se Litigant

## INTRODUCTION

On January 14, 2002, the defendant was sentenced by the United States District Court, Southern District of Texas, Brownsville Division, Hilda Tagle, District Judge in Case No. B-01-CR-139-2. The defendant pleaded guilty to Count I of a three count indictment in violation of 21 USC §§ 846, 841(a)(1) and (b)(1)(B).

The defendant was sentenced to a term of imprisonment of 97 months. The defendant has been in the custody of the Federal Bureau of Prisons since his sentencing. The defendant filed a notice of appeal on January 23, 2002. The defendant's attorney filed a brief in accordance with Anders v California 386 US 738 (1967) to show the court that no legal nonfrivolous appellate issues existed in the defendant's case and requested the defendant's appeal to be dismissed and to be relived from any further representation in the instant case. The United States Court of Appeals for the Fifth Circuit issued that order.

## ARGUMENT

The defendant contends that his constitutional right to due process under the fourteenth amendment of the constitution was violated when the court revoked the three point from his offense level for acceptance of responsibility, when a highly suspect urine analysis, one which was taken and tested on the same day as a simultaneous sample revealed the presence of cocaine. On this basis of this error, and the constitutional violation of due process, the defendant moves this court to correct his sentence from 97 months to the compelled 70 months as detailed in the sentencing guidelines.

I.

## COURT ILLEGALLY REVOKED HIS THREE POINTS FOR ACCEPTANCE OF RESPONSIBILITY DUE TO A FAULTY URINE ANALYSIS

All citizens, as with the defendant, are entitled to enjoy the guarantees of justice as detailed in the constitution of the United States. In the instant cause, it is clear in review of the record, that the defendant's guaranteed rights of due process were violated by the revocation of the three points of acceptance of responsibility originally assessed him by the United States Probation Officer, an officer of the court, for truthfully and expeditiously accepting responsibility for his accused legal violation.

In order for the defendant to successfully defend his cause and receive the justice he is due, he must establish the predicate for which he believes injustice occurred, and that this injustice prejudiced him.

The facts in this case clearly establish the predicate which is the basis for a vacation and reassessment of his sentence.

After pleading guilty to one count in violation of Title 21, USC §846, 841(a)(1) and (b)(1)(B), the government recommended (in the Presentence Report ordered by the court), that he receive full credit for acceptance of responsibility, and sentence at the lowest end of the sentencing guidelines and dismissal of any remaining counts. On the basis of these recommendations, the defendant's total offense level was calculated at 25, and with a Criminal History of III, the sentencing range under the USSG was determined to be 70 to 87 months.

The defendant was freed on bond pending his sentencing. As part of the conditions of his release, the defendant was to be tested, once per week, through urine analysis, for the use of illegal substances. During the release period, the defendant was tested and passed over 30 urine analyses as directed by the court. The same laboratory selected by the court, has tested all 30+ urine

analyses. On his final scheduled urine analysis, the probation officer ordered that the defendant take a second urine analysis, simultaneously with the scheduled analysis, that would be analyzed by different laboratory to the laboratory that had tested the simultaneous and previous 30+ urine analyses. Results from the regular laboratory yielded negative results, as with the 30+ urine analyses for cocaine and the results from "the different laboratory" yielded positive for cocaine. No subsequent testing was done by either agency to verify either the negative or positive tests as is standard protocol when differentiating testing results are realized.

Because of one positive urine analysis, that was conducted simultaneously with the regularly scheduled urine analysis, and tested by a different laboratory came up positive, the court revoked the three points, the defendant received for acceptance of responsibility by the U.S. Probation Officer preparing his PSR.

These facts satisfactorily establish the predicate by which the defendant contends his sentence is illegal and thus violated his 14th amendment right to due process.

The second prong to prove is that this testing error prejudiced the defendant in terms of more prison time. Under the USSG, the three points that were revoked by the sentencing judge in error, on the basis of conflicting urine analyses resulted in the defendant receiving between 10 and 27 months more jail time. As per recent opinion by Supreme Court Justice, J. Kennedy, (<u>Glover vs US, 182 F3d 921 7C</u>), that "...any amount of actual jail time has (constitutional) significance", including any time possibly caused by urine analysis testing error.

The proving of both prongs makes it clear that an error did occur and that this error prejudiced the defendant; and this error "...will reverse under Rule 52(b) only in those very exceptional circumstances

where reversal is necessary to prevent a miscarriage of justice, or to preserve the integrity and reputation of the judicial process, (US vs Segna, 555 F2d 226; US vs Wysong, 528 F2d 345), nevertheless, if unobjected to error is "seriously prejudicial" to the defendant, (Reisman v US, 409 F2d 789), reversal is warranted.

The defendant contends that the court failed to use standard protocol in investigating the anomaly of the one positive urine analysis that was tested by a separate laboratory. The failure of the court to conduct this due diligence, deprived the defendant of due process, prejudiced the defendant in the terms of a longer sentence (97 months instead of 70 months). This lack of due diligence resulted in "plain error", as defined in Rule 52(b), plain error rule. The court failed to exercise that "higher order" of discretion to fit the sentence to the crime (US v Hartford, 489 F2d 652) and the defendant retains the right to not be sentenced on this basis of invalid premise (US vs Espinoza, 481 F2d 553). And since plain error (was) obvious as well as significantly prejudicial (US vs Cabau, 962 F2d 646), and even if the defendant did not object in open court to the revocation of the three points for acceptance of responsibility, if objected to error is seriously prejudicial to the defendant, reversal is warranted. (US vs Segna, 555 F2d 226).

RELIEF SOUGHT

The Movant takes full responsibility for his actions, and is not undermining the seriousness of the impact of his actions. The defendant believes that if it were not for the errors in urine analyses, an error that can only be defined as "plain error", had not occurred, that he would have realized a significantly lower sentence (i.e. 10 to 27 months).

To this end, the Movant prays that the Court consider the points and authorities presented herein and correct his sentence to the compelled 70 months, for which his actual offense level and the USSG call for. In the alternative, the defendant moves that an evidentiary hearing be ordered, so as to review these claims.

Respectfully Submitted

*[signature]*

Robert Benavides
Pro Se Litigant

CERTIFICATE OF SERVICE

I the undersigned, do hereby certify that a true and correct copy of this foregoing has been forwarded, postage affixed, first class US Mail to the following:

> United States Clerk of Court
> United States District Court
> 600 E. Harrison
> Brownsville, TX 78520

Executed on the 6th day of April, 2003.

*Robert Benavides*
Defendant, Pro Se
Reg. No. 46243-008
FCI Beaumont-LOW
Beaumont, TX 77720
FCI Beaumont-LOW
Beaumont, TX 77720