IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT BENAVIDEZ, § | |
| Petitioner, § | |
| § | |
| v. § | CR. NO. B-01-139 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |
| (C.A. NO. B-03-71) § | |

RESPONDENT'S ANSWER TO SECTION 2255 MOTION,
AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, hereinafter "the government", files this Answer to Robert Benavidez (Benavidez)'s Motion for Relief under 28 U.S.C. 2255 and Motion to Dismiss. In support thereof, the government would respectfully show the court the following:

I.

JURISDICTION

On October 2, 2001, Robert Benavidez pled guilty to the charge of conspiracy to possess with intent to distribute more than 500 grams of cocaine, a violation of 21 U.S.C. § 846 (DOC 76). Benavidez entered his guilty plea before the United States Magistrate Judge under the terms of a plea agreement that included a waiver of appeal (DOC 75, 77). The Magistrate Judge accepted Benavidez's plea, ordered the preparation of a pre-sentence investigation report, scheduled sentencing and filed a report and recommendation with the district court recommending that the court accept Benavidez's plea (DOC 78, 79).

The district court accepted the magistrate judge's report and recommendation and found Benavidez guilty on January 14, 2002 (DOC 87). Thereafter, the district court imposed Benavidez's sentence: the court remanded Benavidez into the custody of the Bureau of Prisons to serve a 97-month term of imprisonment that was to be followed by a five-year term of supervised release (DOC 88). The judgment of conviction and sentence was entered on January 25, 2002 (DOC 91).

Benavidez appealed (DOC 92). In connection with this appeal, transcripts of the re-arraignment (DOC 100) and of the sentencing (DOC 101) were prepared and filed. On December 12, 2002, the court of appeals dismissed Benavidez's appeal as frivolous (DOC 109, 110).

Benavidez filed the motion *sub judice* under the authority of 28 U.S.C. § 2255. Jurisdiction lies under 28 U.S.C. § 2255, however, this motion must be dismissed for failure to state a claim that is cognizable in an action for § 2255 relief.

II

MOTION TO DISMISS

In his motion for relief under 28 U.S.C. § 2255, Benavidez bemoans the fact that the district court reportedly denied him a three-level reduction for acceptance of responsibility because of a flawed urine analysis. Benavidez buttresses this complaint with a vague and general allegation of ineffective assistance of counsel, that is, if counsel had contested this flawed analysis and application of the Sentencing Guidelines, his sentence would have been significantly less harsh.

Prior to the imposition of Benavidez's sentence, his attorney made an impassioned plea for the imposition of a sentence grounded on an offense level of 26. Counsel assumed responsibility for the urinalysis that Benavidez ostensibly failed while he was released on bond (DOC 101, pp. 5-6). In the end, however, counsel's plea proved to be unavailing - the district court followed the

recommendation of the government and imposed a sentence at the low end of the applicable imprisonment range of 97 to 121 months (DOC 101, p. 15). The district court adopted the recommendation that Benavidez's offense level not be adjusted for acceptance or responsibility because he failed to withdraw from criminal conduct - on December 16, 2001, one of Benavidez's urine samples tested positive for cocaine (PSR ¶ 43).

Initially, the government would observe that Benavidez's vague allegation of ineffective assistance of counsel is wholly without merit - his attorney addressed the issue of his failed urinalysis before the imposition of Benavidez's sentence but ran headlong into the law and incontrovertible fact: Benavidez's urine tested positive for cocaine. Counsel in no wise abrogated Benavidez's right to the effective assistance of counsel.

What remains of the complaint is nothing more then a barren attack on the district court's application of the Sentencing Guidelines. This complaint is not cognizable in an action for relief under 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, a petitioner may move the court to vacate, set aside, or correct the sentence on the basis that

> the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

*United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). A challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding. Such questions are capable of being raised on appeal and do not implicate any constitutional issues. *Faubion*, 19 F.3d at 233 (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989); *United States v. Smith*, 844 F.2d 203, 205-

3

06 (5th Cir.1988)). The *Faubion* court concluded that Faubion's claims could not be entertained in a § 2255 proceeding - Benavidez's complaint is likewise not cognizable. *Faubion*, 19 F.3d at 233 n.37. See also *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). This case should be dismissed for failure to state a claim on which relief can be based.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The instant cause does not merit a hearing.

The government prays that this court enter an order dismissing Benavidez's motion for § 2255 relief for failure to state a claim on which relief can be based.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
Attorney for Respondent
P.O. Box 61129
Houston, Texas 77208
State Bar No. 20316950
Fed. ID No. 1406
(713) 567-9102

## CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing ***Respondent's Answer to Section 2255 Motion, and Motion to Dismiss*** has been mailed on this the 24th day of July 2003, via certified mail, return receipt requested to:

Mr. Robert Benavidez
Reg No. 46243-008
Beaumont Low FCI
P. O. Box 26020
Beaumont, Texas 77720

_____
JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERT BENAVIDEZ,<br>    Petitioner, | §<br>§<br>§ |
| v. | § CR. NO. B-01-139<br>§ |
| UNITED STATES OF AMERICA,<br>    Respondent.<br>(C.A. NO. B-03-71) | §<br>§<br>§<br>§ |

## ORDER

It is hereby ORDERED that the government's motion to dismiss Benavidez's motion for relief under 28 U.S.C. § 2255 for failure to state a claim is GRANTED.

SIGNED this _____ day of _____ 2003, at Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE