United States District Court
Southern District of Texas
ENTERED

OCT 0 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

OCT 0 2 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT BENAVIDES, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-03-071 CRIMINAL NO. B-01-139-02 |
| UNITED STATES OF AMERICA, Respondents. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Robert Benavides' timely 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1), which was filed on April 17, 2003. For the reasons set out below, the Government's Motion to Dismiss (Docket No. 4) should be granted and the Petition should be dismissed.

### BACKGROUND

On October 2, 2001, Robert Benavides pled guilty to a charge of conspiracy to possess with intent to distribute more than 500 grams of cocaine, a violation of 21 U.S.C. § 846. Benavides entered his guilty plea before the United States Magistrate Judge under the terms of a plea agreement that included a waiver of appeal. The Magistrate Judge accepted Benavides' plea, ordered the preparation of a pre-sentence investigation report, scheduled sentencing, and filed a report and recommendation with the district court recommending that the court accept Benavides' plea.

The district court accepted the magistrate judge's report and recommendation and found Benavides guilty on January 14, 2002. Thereafter, the district court placed Benavides in the custody of the Bureau of Prisons to serve a 97-month term of imprisonment, which was to be followed by a five-year term of supervised release. The judgment of conviction and sentence was entered on January 25, 2002.

Benavides appealed. In connection with the appeal, transcripts of the re-arraignment and sentencing were prepared and filed. On December 12, 2002, the court of appeals dismissed Benavides' appeal as frivolous.

Benavides filed the motion *sub judice* under the authority of 28 U.S.C. § 2255. Although 28 U.S.C. § 2255 provides this court with jurisdiction, the motion must be dismissed for failure to state a claim that is cognizable in an action for § 2255 relief.

## ISSUE PRESENTED

Benavides claims one issue as grounds for relief. He argues that the court committed plain error by denying him a reduction in his offense level for acceptance of responsibility under the sentencing guidelines, thereby violating his constitutional due process rights. More specifically, Benavides claims that when the court revoked the three point reduction for acceptance of responsibility based on a "highly suspect urine analysis," the court erred.

In support of his claim, Benavides states that, while on pretrial release pending sentencing, he was subjected to at least thirty urine tests. Benavides claims that, out of the thirty urine samples, only one tested positive for cocaine. According to Petitioner, during the last urine analysis, the probation officer required him to submit two urine samples. He claims that the samples were separated and sent to different labs for analysis. One sample was negative, the other was positive. Based on the positive urine sample, the court denied Benavides a reduction for acceptance of responsibility under the sentencing guidelines. According to Petitioner, the court's decision to accept the single positive urine sample, while a second sample taken at the same time came back with a negative result, was erroneous. Petitioner's § 2255 motion seeks a correction of his sentence to reflect an offense level reduction for acceptance of responsibility.[1]

## ANALYSIS

Benavides' contention that the district court incorrectly applied the sentencing guidelines does not raise constitutional concerns that are cognizable under Section 2255. "[A] non-constitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Furthermore, "a district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *Id*. Accordingly, Benavides is not entitled to § 2255 relief. *See id.*

---

[1] The sentencing record is devoid of any objections to the court's denial of acceptance of responsibility. In fact, the record suggests that both defense counsel and petitioner anticipated the denial of a reduction for acceptance of responsibility. *See* Sentencing Transcript, p. 4, lines 2 - 5.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence should be DENIED. Furthermore, the Government's Motion to Dismiss should be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 2d day of October, 2000.

Felix Recio
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **ROBERT BENAVIDES**<br>Petitioner<br>VS<br><br>**UNITED STATES OF AMERICA,**<br>Respondent. | *<br><br>*   CIVIL ACTION NO. B-03-071<br>    (Criminal No. B-01-139-02)<br>* |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be adopted.

It is therefore ORDERED, ADJUDGED, and DECREED that the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 be and is hereby **DENIED**.

DONE at Brownsville, Texas, this _____, day of _____ 2003.

_____
Hilda G. Tagle
United States District Judge