IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATE OF AMERICA | § |
| Respondent | § |
| | § |
| VS. | § |
| | § |
| ROBERT BENAVIDES | § |
| Movant. | § |

C AB-03-71

## MOTION FOR CERTIFICATE OF APPEALABILITY

NOW INTO COURT, through Pro Se representation comes defendant Robert Benavides, for a Certificate of Appealability. The defendant contains that his constitutional right to due process was violated when the court revoked three points he originally received for acceptance of responsibility because of one urine analysis that was contrary to 30 previous urine analysis conducted simultaneous to the analysis in question. The defendant contends that this resulted in "Plain error" and that such an error prejudiced him terms of receiving an additional 27 months in prison.

### JUDICIAL NOTICE

The honorable Court and all other officers of the Court who may come in contact with the matter of the United States versus Robert Benavides are noticed under authority of the supremacy and equal protection Clauses of the United States Constitution and the common law authorities of Hains v. Kerner, 404 U.S. 519-521, Plasky v. CIA, 953 F3d 25, and Anastasoff v. United States, 223 F3d 898 (8th Cir. 2000). In re Haines: Pro Se litigants are held to less stringent pleading standards that licensed attorneys. Regardless of the deficiencies in their pleadings, Pro Se litigants are entitled to the opportunity to submit evidence in support of their claims. In re Platsky: Court errs if the Court dismisses the Pro Se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re: Anastasoff: Litigant's Constitutional rights are violated when Courts depart from precedent where parties are similar situated.

## INTRODUCTION

On January 14, 2002, the defendant was sentenced by the United States District Court, Southern District of Texas, Brownsville Division, Hilda Tagle, District Judge in Case No. B-01-CR-139-2. The defendant pleaded guilty to Count I of a three count indictment in violation of 21 USC §§ 846, 841(a)(1) and (b)(1)(B).

The defendant was sentenced to a term of imprisonment of 97 months. The defendant has been in the custody of the Federal Bureau of Prisons since his sentencing. The defendant filed a notice of appeal on January 23, 2002. The defendant's attorney filed a brief in accordance with Anders v California 386 US 738 (1967) to show the court that no legal nonfrivolous appellate issues existed in the defendant's case and requested the defendant's appeal to be dismissed and to be relived from any further representation in the instant case. The United States Court of Appeals for the Fifth Circuit issued that order.

## ARGUMENT

The defendant contends that his constitutional right to due process under the fourteenth amendment of the constitution was violated when the court revoked the three point from his offense level for acceptance of responsibility, when a highly suspect urine analysis, one which was taken and tested on the same day as a simultaneous sample revealed the presence of cocaine. On this basis of this error, and the constitutional violation of due process, the defendant moves this court to correct his sentence from 97 months to the compelled 70 months as detailed in the sentencing guidelines.

## I.
## COURT ILLEGALLY REVOKED HIS THREE POINTS FOR ACCEPTANCE OF RESPONSIBILITY DUE TO A FAULTY URINE ANALYSIS

All citizens, as with the defendant, are entitled to enjoy the guarantees of justice as detailed in the constitution of the United States. In the instant cause, it is clear in review of the record, that the defendant's guaranteed rights of due process were violated by the revocation of the three points of acceptance of responsibility originally assessed him by the United States Probation Officer, an officer of the court, for truthfully and expeditiously accepting responsibility for his accused legal violation.

In order for the defendant to successfully defend his cause and receive the justice he is due, he must establish the predicate for which he believes injustice occurred, and that this injustice prejudiced him.

The facts in this case clearly establish the predicate which is the basis for a vacation and reassessment of his sentence.

After pleading guilty to one count in violation of Title 21, USC §846, 841(a)(1) and (b)(1)(B), the government recommended (in the Presentence Report ordered by the court), that he receive full credit for acceptance of responsibility, and sentence at the lowest end of the sentencing guidelines and dismissal of any remaining counts. On the basis of these recommendations, the defendant's total offense level was calculated at 25, and with a Criminal History of III, the sentencing range under the USSG was determined to be 70 to 87 months.

The defendant was freed on bond pending his sentencing. As part of the conditions of his release, the defendant was to be tested, once per week, through urine analysis, for the use of illegal substances. During the release period, the defendant was tested and passed over 30 urine analyses as directed by the court. The same laboratory selected by the court, has tested all 30+ urine

analyses. On his final scheduled urine analysis, the probation officer ordered that the defendant take a second urine analysis, simultaneously with the scheduled analysis, that would be analyzed by different laboratory to the laboratory that had tested the simultaneous and previous 30+ urine analyses. Results from the regular laboratory yielded negative results, as with the 30+ urine analyses for cocaine and the results from "the different laboratory" yielded positive for cocaine. No subsequent testing was done by either agency to verify either the negative or positive tests as is standard protocol when differentiating testing results are realized.

Because of one positive urine analysis, that was conducted simultaneously with the regularly scheduled urine analysis, and tested by a different laboratory came up positive, the court revoked the three points, the defendant received for acceptance of responsibility by the U.S. Probation Officer preparing his PSR.

These facts satisfactorily establish the predicate by which the defendant contends his sentence is illegal and thus violated his 14th amendment right to due process.

The second prong to prove is that this testing error prejudiced the defendant in terms of more prison time. Under the USSG, the three points that were revoked by the sentencing judge in error, on the basis of conflicting urine analyses resulted in the defendant receiving between 10 and 27 months more jail time. As per recent opinion by Supreme Court Justice, J. Kennedy, (<u>Glover vs US, 182 F3d 921 7C</u>), that "...any amount of actual jail time has (constitutional) significance", including any time possibly caused by urine analysis testing error.

The proving of both prongs makes it clear that an error did occur and that this error prejudiced the defendant; and this error "...will reverse under Rule 52(b) only in those very exceptional circumstances

where reversal is necessary to prevent a miscarriage of justice, or to preserve the integrity and reputation of the judicial process, (US vs Segna, 555 F2d 226; US vs Wysong, 528 F2d 345), nevertheless, if unobjected to error is "seriously prejudicial" to the defendant, (Reisman v US, 409 F2d 789), reversal is warranted.

The defendant contends that the court failed to use standard protocol in investigating the anomaly of the one positive urine analysis that was tested by a separate laboratory. The failure of the court to conduct this due diligence, deprived the defendant of due process, prejudiced the defendant in the terms of a longer sentence (97 months instead of 70 months). This lack of due diligence resulted in "plain error", as defined in Rule 52(b), plain error rule. The court failed to exercise that "higher order" of discretion to fit the sentence to the crime (US v Hartford, 489 F2d 652) and the defendant retains the right to not be sentenced on this basis of invalid premise (US vs Espinoza, 481 F2d 553). And since plain error (was) obvious as well as significantly prejudicial (US vs Cabau, 962 F2d 646), and even if the defendant did not object in open court to the revocation of the three points for acceptance of responsibility, if objected to error is seriously prejudicial to the defendant, reversal is warranted. (US vs Segna, 555 F2d 226).

## RELIEF SOUGHT

The Movant takes full responsibility for his actions, and is not undermining the seriousness of the impact of his actions. The defendant believes that if it were not for the errors in urine analyses, an error that can only be defined as "plain error", had not occurred, that he would have realized a significantly lower sentence (i.e. 10 to 27 months).

To this end, the Movant prays that the Court consider the points and authorities presented herein and correct his sentence to the compelled 70 months, for which his actual offense level and the USSG call for. In the alternative, the defendant moves that an evidentiary hearing be ordered, so as to review these claims.

Respectfully Submitted

*(signature)*

Robert Benavides
Pro Se Litigant

## CERTIFICATE OF SERVICE

I the undersigned, do hereby certify that a true and correct copy of the foregoing has been forwarded, postage afixed, first class US Mail to the following:

United States Clerk of the Court
United States District Court
600 E Harrison
Brownsville, Texas 78520

Executed on the _5_ day of November, 2003.

*Robert Benavides*
Robert Benavides Defendant, Pro Se
Reg. No. 46243-008 Bmt. Low
Federal Correctional Complex
P.O. Box 26020
Beaumont, Texas 77720-6020