United States District Court
Southern District of Texas
ENTERED

DEC 0 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

DEC - 3 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERT BENAVIDES,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§  CIVIL ACTION NO. B-03-071<br>§  (CRIMINAL NO. B-01-139-02)<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Petitioner Robert Benavides' Motion for Certificate of Appealability (Docket No. 9), which was received by the District Clerk on November 10, 2003. For the reasons set out below, Benavides' request for a certificate of appealability (hereinafter "COA") should be denied.

### BACKGROUND

On October 2, 2001, Robert Benavides pled guilty to a charge of conspiracy to possess with intent to distribute more than 500 grams of cocaine, a violation of 21 U.S.C. § 846. Benavides entered his guilty plea before a United States Magistrate Judge pursuant to a plea agreement, which, among other terms, included a waiver of appeal (Docket No. 77, Crim. Action B-01-139-02). The Magistrate Judge accepted Benavides' plea, ordered the preparation of a pre-sentence investigation report ("PSR"), scheduled sentencing, and filed a report and recommendation with the district court recommending that the court accept Benavides' plea.

The district court accepted the magistrate judge's report and recommendation and found Benavides guilty on January 14, 2002. Thereafter, the district court placed Benavides in the custody of the Bureau of Prisons to serve a 97-month term of imprisonment, which was to be followed by a five-year term of supervised release. The judgment of conviction and sentence was entered on January 25, 2002.

Benavides filed notice of appeal on January 23, 2002. In connection with the appeal, transcripts of the re-arraignment and sentencing were prepared and filed. Benavides' trial counsel

had since been excused, and the district court appointed an attorney to assist with his appeal. The only brief filed in conjunction with the appeal was an *Anders* brief, in which Benavides' appointed counsel certified that there were no non-frivolous issues for appeal. As a result, on December 12, 2002, the Fifth Circuit dismissed Benavides' appeal as frivolous. *See* Docket Nos. 109 and 110, Crim. Action B-01-139-02.

Benavides, acting pro se, then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. After reviewing Petitioner's motion, this Court determined that it failed to state a clam that is cognizable in an action for § 2255 relief. Accordingly, this Court issued a report and recommendation suggesting that the district court deny the relief sought by Petitioner, and further recommended that the Government's motion to dismiss be granted. *See* Docket No. 6.

On October 30, 2003, over the objections of the Petitioner, the District Court issued an order adopting this Court's Report and Recommendation (Docket No. 8). Resultantly, the Petitioner's § 2255 motion was dismissed. On November 5, 2003, the Petitioner, still proceeding pro se, prepared the motion for COA currently before this Court.

## ISSUE PRESENTED

As he has done at numerous other stages of these proceedings, Benavides claims he is entitled to relief based on the district court's reaction to a urine sample he provided while released on bond. According to Petitioner:

> his constitutional right to due process was violated when the court revoked three points he originally received for acceptance of responsibility because of one urine analysis that was contrary to 30 previous urine analysis [sic] conducted simultaneous to the analysis in question. The defendant contends that this resulted in 'Plain error' and that such an error prejudiced him terms [sic] of receiving an additional 27 months in prison.

Docket No. 9, Defendant's Motion for Certificate of Appealability at page 1.

To put the matter simply, Benavides claims that the district court erred when it decided not to apply a three point reduction for acceptance of responsibility because one of Benavides' urine samples tested positive for cocaine. Accordingly, Petitioner now seeks a COA on this issue.

In support of his claim, Benavides states that while released on bond pending sentencing he was subjected to at least thirty urine tests. Benavides avers that, out of the thirty urine

samples, only one tested positive for cocaine. According to Petitioner, during the last urine analysis, the probation officer required him to submit two urine samples. He claims that the samples were separated and sent to different labs for analysis. One sample was negative and the other was positive. Based on the positive urine sample, the court denied Benavides a reduction for acceptance of responsibility under the sentencing guidelines.

According to Petitioner, the court's decision to accept the single positive urine sample, while a second sample taken at the same time came back with a negative result, was erroneous. Petitioner seeks a COA on the issue, and ultimately seeks a new sentence that reflects an offense level reduction for his acceptance of responsibility.[1]

## ANALYSIS

The terms of the Antiterrorism and Effective Death Penalty Act of 1996 require that an individual seeking appellate review of the denial of a habeas petition first procure a COA before proceeding on appeal. A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

[1] The Court notes that the sentencing record is devoid of any objections to the district court's denial of credit for acceptance of responsibility. In fact, the record suggests that both defense counsel and petitioner anticipated the denial of a reduction for acceptance of responsibility. *See* Sentencing Transcript, p. 4, lines 2 - 5.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

As the Supreme Court has noted, the COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039.

When this Court addressed Benavides' arguments relating to the positive urine sample in the context of his initial 2255 motion, it was determined that said arguments did not amount to constitutional concerns that are cognizable in a Section 2255 action. More specifically, Benavides' contention that the district court incorrectly applied the sentencing guidelines did not raise constitutional concerns that are cognizable under Section 2255. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (quoting *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir.1994)). Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *Id.*; *see also Segler*, 37 F.3d at 1134; *Faubion*, 19 F.3d at 233. The Court determined that Petitioner should have raised his arguments on direct appeal, and that such arguments were not cognizable in the context of a habeas petition. *See Williamson*, 183 F.3d 458. Accordingly, the Court concluded that Benavides was not entitled to § 2255 relief. *See id.*

Because Benavides adamantly refuses to acknowledge what the Fifth Circuit made clear

–namely, that Petitioner has no non-frivolous issues to raise– the Court would like to take this opportunity to expound upon Benavides' claims more fully.

Benavides seems to believe that he was in some way entitled to the three-level reduction for acceptance of responsibility. Indeed, on numerous occasions, he claims or has claimed that the district judge "revoked" the three level reduction. In truth, the three level reduction was only a recommendation included in the PSR. The judge was in no way bound by the PSR and was more than free to reject any findings or recommendations found therein.

In fact, according to the plea agreement in this case, the Defendant was aware that the sentence he would receive was within the discretion of the sentencing judge and that he could potentially receive any sentence within the statutory range for the offense he committed. *See* Plea Agreement, Docket No. 77, Crim. Action B-01-139-02 at page 3. It is perhaps not surprising that the Petitioner fails to discuss the particulars of his plea agreement since the agreement also includes a waiver of his right to appeal, on any grounds, the sentence he received or the manner in which the sentence was determined. *See id.* In other words, according to the terms of his plea agreement, he is prohibited from appealing how his sentence was determined. Interestingly, that is precisely what Benavides is herein seeking to do.

Although it seems clear that Benavides would be precluded from appealing based on the terms of his plea agreement, it appears equally as clear that reasonable jurists would not find the district court's assessment of the claims raised in his Section 2255 petition debatable or wrong. *See Slack*, 529 U.S. at 484, 120 S.Ct. at 1604. Thus, Benavides has ultimately failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, he is not entitled to a COA.

## RECOMMENDATION

For the reasons set forth above, Petitioner's request for a certificate of appealability should be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE in Brownsville, Texas this 3rd day of December, 2003.

                                   Felix Recio
                                   United States Magistrate Judge